IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMEKA-MARIE BULOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-744-SLP |
| ) | |
| TOM REISEN, et al., ) | |
| ) | |
| Defendants. ) | |

## O R D E R

Plaintiff, Tameka-Marie Bulock, appearing pro se, has filed a Complaint [Doc. No. 1]. However, the Complaint is signed by a different individual, Abul Bulock. It does not appear that Abul Bulock is an attorney representing Plaintiff, but an individual who has signed the Complaint on Plaintiff's behalf. As a non-attorney, he can neither represent Plaintiff nor sign the Complaint on her behalf. *See Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *see also Punchard v. Deming City Municipal Court*, No. CIV-07-589-MV/KBM, 2008 WL 11417170 at *2 (D.N.M. Feb. 5, 2008); 28 U.S.C. § 1654. Thus, the Court finds Plaintiff has not complied with Rule 11 of the Federal Rules of Civil Procedure which provides that "[e]very pleading . . . must be signed by . . . a party *personally* if the party is unrepresented" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a) (emphasis added).

Accordingly, Plaintiff is directed to promptly correct the pleading deficiency by providing a properly signed Complaint that complies with all the requirements of Rule

11(a).  Plaintiff is admonished that failure to timely comply with the Court's Order shall result in the Complaint being stricken from the Court's docket and may further result in the dismissal of this action without further notice.

IT IS THEREFORE ORDERED that Plaintiff shall correct the pleading deficiency as set forth within seven days of the date of this Order or by July 14, 2025.

IT IS SO ORDERED this 7th day of July, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE