# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

TAMEKA-MARIE BULOCK,                     )
                                         )
    Plaintiff,                           )
                                         )
v.                                       )        Case No. CIV-25-744-SLP
                                         )
THOMAS RIESEN, et al.,                   )
                                         )
    Defendant.                           )

# O R D E R

Plaintiff, appearing pro se, has filed a Complaint [Doc. No. 5] against the following individuals: Thomas Riesen, Elisabeth Kerr, Randy Wisner and Aron Mares.  She identifies the basis for this Court's subject matter jurisdiction as the due process clause of the Fifth Amendment.  *See id*. at 3.[1]  She does not include any allegations under the "Statement of the Claim" section of the Complaint.  Nor does she include any request for relief.  She attaches what purports to be a filing in the "State Court of Oklahoma County, State of Oklahoma" but fails to reference the attachment in her Complaint.  Finally, on her civil cover sheet, she identifies as the "U.S. Civil Statute under which [she] is filing" as 18 U.S.C. § 241.  *See* Doc. No. 5-1.

To assess whether a complaint fails to state a claim upon which relief may be granted, courts apply the standard under Rule 12(b)(6) of the Federal Rules of Civil

---

[1] Plaintiff did not sign the original Complaint [Doc. No. 1].  The Court directed Plaintiff to refile the Complaint to comply with Rule 11(a), *see* Order [Doc. No. 4], and Plaintiff then resubmitted the Complaint.  The two documents are substantially similar but not identical.  Because Plaintiff appears pro se, the Court liberally construes her filings and considers the two submissions together as the operative Complaint.

Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, . . . the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks and citation omitted).

Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8 "does not require detailed factual allegations, . . . [but] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Pro se litigants are not excused from meeting these minimal pleading requirements. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8." *Rodriguez v. Nationwide Homes, Inc*., 756 F. App'x 782, 785 (10th

Cir. 2018) (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161, n. 2 (10th Cir. 2007)).

Here, the Complaint fails to comply with the requirements of Rule 8. Plaintiff fails to identify with any clarity the factual or legal bases for her claim(s). To the extent Plaintiff invokes 18 U.S.C. § 241, any claim under that statute must be dismissed because it is a criminal statute. *See Semper v. Bessent*, No. 25-4022, 2025 WL 2046427 at *3 (10th Cir. July 22, 2025) (affirming district court's dismissal of claims under 18 U.S.C. § 241 because it is a criminal statute that "do[es] not provide a private cause of action"). Accordingly, the Court finds Plaintiff's Complaint must be dismissed.

IT IS THEREFORE ORDERED that the Complaint [Doc. Nos. 1 and 5] is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint within 21 days of the date of this Order, or by August 13, 2025. If no amendment is filed, this action will be dismissed.

IT IS SO ORDERED this 23rd day of July, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE