### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMEKA-MARIE BULOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-744-SLP |
| ) | |
| THOMAS RIESEN, et al., ) | |
| ) | |
| Defendant. ) | |

### <u>O R D E R</u>

Plaintiff, appearing pro se, has filed an Amended Complaint [Doc. No. 7] against the following individuals: Thomas Riesen, Elisabeth Kerr, Randy Wisner and Aron Mares. Plaintiff invokes diversity-of-citizenship jurisdiction as the basis for this Court's exercise of subject matter jurisdiction.

The Court previously dismissed Plaintiff's Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, but gave her leave to amend. *See* Order [Doc. No. 6]. The Amended Complaint suffers the same Rule 8 deficiencies. The Court cannot discern the nature of the claim(s) she intends to raise. Plaintiff again attaches documents related to a state-court proceeding, but she does not explain how this proceeding relates to any claim she intends to bring in this Court. She includes a document entitled "Testimony Under God," *see* Doc. No. 7-6, that appears to be directed at a "default summary judgment" filing in the state court proceedings that she seeks to enforce. But she does not identify the legal basis for bringing any claim(s) related thereto. Plaintiff's failure

to comply with Rule 8 is a sufficient basis upon which to dismiss the Amended Complaint. *See, e.g.*, *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018).

More fundamentally, however, subject matter jurisdiction is lacking. To the extent the state-court proceeding is ongoing, nothing before the Court indicates that *Younger* abstention is not required. *See Covington v. Humphries*, No. 24-1158, 2025 WL 1448661 at *3 (10th Cir. May 19, 2025) ("The *Younger* abstention doctrine generally requires federal courts to abstain from interfering with ongoing state legal proceedings." (citing *Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com.*, 240 F.3d 871, 874-75 (10th Cir. 2001) then citing *Younger v. Harris*, 401 U.S. 37 (1971)).[1] And to the extent she seeks to overturn any decision rendered in the state-court proceeding and that proceeding is now final, this court is barred from providing such relief under the *Rooker-Feldman*[2] doctrine. *See id.* at *2 ("The *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court." (citing *In re Miller*, 666 F.3d at 1261); *see also id.* (explaining that the *Rooker-Feldman* doctrine applies "only to suits filed after state proceedings are final" (citing *Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006)).

---

[1] The attachments to the Amended Complaint indicate that the underlying state-court proceeding is a criminal misdemeanor proceeding that would fall within an enumerated "*Sprint* category" for purposes of *Younger* abstention. *See Covington*, 2025 WL 1448661 at *3 (discussing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013)).

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Both the *Younger* abstention doctrine and the *Rooker-Feldman* doctrine are jurisdictional matters. *See, e.g., Harrington v. Wilson*, 242 F. App'x 514, 516-17 (10th Cir. 2007). Accordingly, dismissal of Plaintiff's action on these grounds is without prejudice.[3]

IT IS THEREFORE ORDERED that Plaintiff's action is DISMISSED WITHOUT PREJUDICE. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 26th day of August, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[3] Moreover, it appears that this Court otherwise lacks original jurisdiction under 28 U.S.C. § 1331 or § 1332. Plaintiff fails to identify any basis for the invocation of federal question jurisdiction under § 1331. And, as stated, Plaintiff cites diversity of citizenship under § 1332 as the basis for the Court's exercise of jurisdiction, but Oklahoma addresses are listed for all parties. Plaintiff makes reference to herself as "Moorish-American" but lists her residence as "Oklahoma County, Oklahoma Republic." Because Plaintiff appears to be domiciled in Oklahoma and her allegations indicate all Defendants are potentially also citizens of Oklahoma, diversity jurisdiction exists only if Plaintiff is not "lawfully admitted for permanent residence in the United States." *See* 28 U.S.C. § 1332(a)(2). The Court is unable to make this determination from the allegations of the Amended Complaint. The Court finds it unnecessary to further address this issue, however, as other jurisdictional grounds exist for dismissal of the action.